JOSIAH CROSBY *vs.* JOSHUA BENNETT.

A party who pays more than six per cent. interest cannot recover back the excess, in an action for money had and received. His only remedy is under the Rev. Sts. c. 35, §§ 2, 3.

ASSUMPSIT for money had and received. Writ dated November 5th 1841. The specification of the plaintiff's claim was, for $240 paid to the defendant on the 25th of November 1833, and the same sum on each of the following days, viz. November 7th 1834, November 24th 1835, and December 2d 1836; $25, February 12th 1838; $50, April 9th 1838; $100, July 30th 1838; and $75, October 29th 1838. All these sums were alleged, in said specification, to have been paid upon a promissory note, dated November 7th 1832, for $1200, made by the plaintiff, payable to Josiah B. French or order, in five years, by annual instalments of $240 each, and by said French indorsed to the defendant, without recourse.

The defendant pleaded the general issue, with notice that he should rely, for defence, on the statute of limitations, accord and satisfaction, payment and discharge.

At the trial before *Hubbard*, J., the plaintiff proposed to prove, that on the 7th of November 1832, he borrowed of the defendant $4000, and, to secure payment thereof, gave the defendant a promissory note for that sum, payable in five years, interest annually, together with a mortgage of certain property in Lowell, of the value of $6000 or more ; of which property the defendant had taken possession, and foreclosed said mortgage thereon, before the commencement of this suit; and that the said note for $1200 was given to secure payment of illegal and usurious interest upon the $4000 note. The plaintiff contended that, upon proving these facts, he was entitled to recover the amount of said $1200 note, in this action, as usurious interest wrongfully paid.

The defendant objected to this evidence, as incompetent to sustain the action, and it was rejected. A nonsuit was thereupon entered, subject to the opinion of the whole court.

*S. C. Lyford*, of New Hampshire, for the plaintiff. Assump-

sit for money had and received lies to recover back the excess, over legal interest, which is paid on a loan of money. 2 Comyn on Contracts, (1st ed.) 113 – 117, and cases there cited. *Inhabitants of Worcester* v. *Eaton*, 11 Mass. 376. *Bond* v. *Hays*, 12 Mass. 34. *Boardman* v. *Roe*, 13 Mass. 105. *Ramsdell* v. *Soule*, 12 Pick. 126. And this action lies, since the Rev. Sts. *c.* 35, have given the action of debt or a bill in equity ; those remedies being only cumulative. *Wheaton* v. *Hibbard*, 20 Johns. 290. *Willie* v. *Green*, 2 N. Hamp. 333.

*Mellen & Nelson*, for the defendant. A bill in equity, or an action of debt, is the only process to which the plaintiff is entitled, since the passing of the revised statutes. Or, if the action of assumpsit is still a concurrent remedy, it must be instituted within two years. *Wiley* v. *Yale*, 1 Met. 553. *Gray* v. *Bennett*, 3 Met. 522. *Bearce* v. *Barstow*, 9 Mass. 48.

SHAW, C. J. This is an action of assumpsit brought to recover back money alleged to have been paid by the plaintiff to the defendant, as usurious interest, and proceeds on the ground that the money, thus received by the defendant, has been received on an alleged contract, and therefore that the plaintiff has a right, by the common law, to recover it back, as so much money had and received. The authorities cited certainly tend to show, that so long as a usurious contract was declared illegal and void, it followed, as a necessary consequence, that money paid thereon was taken illegally, and was oppressively extorted from the borrower, and therefore that this equitable action would lie, to recover it back. But now the Rev. Sts. *c.* 35, § 2, expressly declare that no contract, whereby usurious interest is allowed, shall be thereby rendered void, and, in order to restrain the taking of usurious interest, the statute goes on to make certain specific provisions ; first, to allow a large deduction from the claim of the lender, when the law is resorted to to enforce the performance of such a contract ; and secondly, to permit the person, who has paid such interest, to recover back three times the amount, by an action of debt or bill in equity, provided such suit be commenced within two years from the payment. See *Sts.* 1783, *c.* 55 ; 1825, *c.* 143 ; 1826, *c.* 27

Crosby *v.* Bennett.

The consideration, that now by law the contract is not void, distinguishes this case from those cited, and takes away the ground upon which they rested. The ground upon which it was formerly held that an action for money had and received would lie, was, that it was illegal and oppressive to take more than six per cent. interest, and therefore it could not conscientiously be retained from the person who had paid it. This was the ground upon which the case of *Willie* v. *Green,* 2 N. Hamp. 333, was decided. For although the statute of New Hampshire, in force at that time, was like our present law, in providing that three times the interest might be forfeited and deducted, when such a contract was in suit, and gave a suit to recover back, not the whole, but a part of the usurious interest; yet, unlike ours, it expressly prohibited the taking of more than six per cent., and thereby made it illegal. But as by our statute the contract is not illegal, the party, who has suffered by paying usurious interest, is confined to the statute remedies. The right to recover back three times the amount of the usurious interest paid, is given by statute to the party who has paid, and is partly in nature of an equitable action to recover back money which the defendant cannot conscientiously and justly retain, and partly in nature of a penalty. So far as it affords a remedy to recover back money wrongfully taken, it is a substitute for the remedy at common law. If, therefore, the party might waive the statute remedy, and sue at common law, he would avoid the provision limiting such action to two years from the payment, contrary to the manifest intent of the legislature and the policy of the law.

It is proper to remark here, that the cause does not depend upon the form of action; because if the present had been an action of debt on the statute, instead of assumpsit, the statute of limitations would have been a valid defence; all the alleged payments having been made more than two years before the commencement of this action.

*Nonsuit to stand.*