No. 19,607.

THE GREAT WESTERN MACHINERY COMPANY, *Appellee,* v. J. C. SMITH and D. E. BERGER, *Appellants,* et al.

### SYLLABUS BY THE COURT.

FOREIGN STATUTE—*Both Penal and Compensatory—Statute of Limitations.* In a former decision in the same case (*Machinery Co. v. Smith,* 87 Kan. 331, 124 Pac. 414).it was held that a statute of Colorado upon which the cause of action rests is not purely penal, but is in part compensatory, and will be enforced in this state. It is further held that the statute in question is not so far penal as to bring it within the provisions of the one-year staute of limitations (Civ. Code, § 17, subdiv. 4), which provides that an action upon a statute for a penalty or forfeiture must be brought within one year.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 10, 1915. Affirmed.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellants.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendants appeal from a ruling sustaining a demurrer to their answer. They were directors of a Colorado corporation which became indebted to the plaintiff. The action in the district court was brought to recover the amount of this indebtedness, under a statute of Colorado which provides that if a corporation of that state failed to file its annual statement within sixty days next after January 1, 1909, and pay certain fees required, its directors should become liable for the corporation's debts incurred within a certain period.

This is the second time the case has been before us. The defendants demurred to the petition, contending that the Colorado statute was penal and that the courts of Kansas would no enforce it. The decision of the trial court overruling the demurrer to the petition was affirmed. (See same case, 87 Kan. 331, 124 Pac. 414.) The case went back for further proceedings, and the defendants answered, pleading that the action is barred by the one-year statute. (Civ. Code, § 17, subdiv. 4.) The answer alleged that for more than five years prior to the commencement of the action the defendants had resided in the county where the action was brought. The defendants rely solely upon the Kansas statute, no limitation statute of Colorado having been pleaded.

The nature and character of the Colorado statute was squarely presented when the case was here before, and the court held that it was not purely penal but is in part compensatory. Counsel say the question now presented is whether or not the statute "is sufficiently of a penal nature" to bring it within the provisions of our statute of limitations, which provides that an action upon a statute for a penalty or forfeiture must be brought within one year. At the oral argument counsel urged that the former decision is wrong and should be reconsidered. The court is satisfied with the soundness of the former decision, and further holds that the statute is not so far penal as to bring it within the one-year statute of limitations. We are cited to decisions of the Colorado courts holding that a similar statute of limitations there applies to a cause of action based upon the statute in question, and it is urged that we should follow the construction given by those courts. We declined in the former opinion to follow the decisions of the Colorado courts construing this statute relating to corporations as strictly penal on the ground that "the question whether the statute, as interpreted by the [Colorado] court, is penal in such sense as to deny it all extra-territorial operation, is not one of local, but of general or international law." (*Machinery Co. v. Smith,* 87 Kan. 331, 336, 124 Pac. 414.) The decision was followed and approved in *Slater v. Railway Co.,* 91 Kan. 226, 232, 137 Pac. 943. The cause of action here is solely to recover compensation; in no sense does it depend upon any part of the Colorado statute which authorizes the recovery of a

penalty. Therefore the statute of limitations relied upon is not a bar, and the demurrer to the answer was rightly sustained. The judgment is affirmed.