## DEFENSES IN ACTION FOR RECOVERY OF DEBENTURES.

[Common Pleas Court of Franklin County.]

HARRINGTON v. HALLIDAY ET AL.

Decided, April 17, 1906.

*Debentures—Relation of Purchaser to Company Issuing—In Particep3 Criminis—Purpose of Section 4271—Pro Tanto Defense—Statute of Limitations.*

1. The provisions of Section 4271, for the recovery of money lost in lotteries, are not available to a purchaser of certificates commonly called debentures, where the purchaser becomes a member of the corporation issuing the debentures and a part owner thereof and participates in the profits.

2. An allegation that a plaintiff, suing for the recovery of money lost in the purchase of debentures, has shared in the distribution of the assets of the company by its receivers, constitutes, if proven, a *pro tanto* defense, and also states the further defensive fact that the plaintiff was a part owner of the business.

3. Such an action is barred by the statute of limitations, if not brought within one year from the time the cause accrued.

BIGGER, J.

The case is submitted to the court upon general demurrer by the plaintiff to the second, third and fourth defenses of the answer of the defendant. The action is brought by the plaintiff under the provisions of Section 271 of the Revised Statutes of Ohio, to recover the sum of $1,116.30, alleged to have been expended by the plaintiff and paid to the defendants, and that the money was expended by the plaintiff in the purchase from defendants of certain hazards or chances, called by the defendants certificates, commonly known as debentures. Plaintiff's prayer is that she may recover the said sum, $1,116.30, together with $500 as exemplary damages as authorized by the said Section 4271 of the Revised Statutes.

The defendants answered jointly. The first defense is a general denial. The second defense and the first defense demurred to sets forth the organization of a company known as the Cincinnati Debenture Company under the laws of the state

of West Virginia, and the purposes of its organization and the issue to the company of a certificate by the secretary of state of this state, authorizing it to do business in Ohio. That the name of the said corporation was afterwards changed to the Ohio Debenture Company, and the location of its principal office changed from Cincinnati to Columbus. That from its organization the said company engaged in the business of selling certificates or debentures, and that it continued in such business until about the 10th day of March, 1901.

Defendants then stated that certain certificates or debentures were purchased by the plaintiff and that the plaintiff paid at the time of the purchase for each of said tickets or debentures, the sum of five dollars, as an initial membership fee for the first month and that she thereby became a member and owner of said corporation and said business; that she thereafter paid to the said corporation further sums of money in amounts and on dates unknown to the defendants, at the rate of twenty cents per month for, each ticket or certificate, until the redemption of certain certificates, and until receivers were appointed for said corporation and the business wound up by said receivers. That other like tickets or certificates were purchased by other persons from the said corporation, and that various sums of money were by them paid, from time to time, to the said corporation on account of these tickets or certificates, and that the money so paid by the plaintiff and other persons, to the said corporation on account of said tickets or certificates or debentures, was divided and apportioned among other members and holders of certificates which were selected and eligible for redemption.

The answer then states the method by which the debentures selected for redemption were determined, and that the selection of these tickets or debentures for redemption was necessarily dependent upon uncertain and indeterminate events; that plaintiff had full knowledge of each and all of these facts and of the manner in which the business was conducted; that the plaintiff as a holder of said certificates or debentures had a direct interest in said business conducted by the said corporation, and in the profits derived therefrom, and in the several

sums of. money paid by other holders of certificates to the said corporation for the purchase of said certificates; that the plaintiff was a member of the said company, and owner of an interest therein for a long time, and down to the time of the receivership and winding up of the corporation, and was a direct participant in, and part owner of the said business, and of the funds accumulated by the said company in the conduct of its business.

The demurrer raises the question, do these statements, if established by proof, constitute a defense to the cause of action stated in the petition? The statute in question, Section 4271 of the Revised Statutes, and under the provisions of which the plaintiff claims a right to recover in this action, reads as follows:

"A person who expends any money or thing of value or incurs any obligation for the purchase of or to procure any lottery or policy ticket, hazard or chance, or any interest therein, or on account of any lottery, policy, or scheme of chance, or in or on account of any game of faro, pool or combination, keno or scheme of gambling, and any person dependent in any degree for support upon, or entitled to the earnings of such person, and any citizen for the use of the person so interested, may sue for and recover from the person receiving such money, thing of value or obligation, the amount thereof, together with exemplary damages which in no case shall be less than fifty nor more than five hundred dollars, and may join as defendants in suit all persons having an interest, direct or contingent, in such lottery, policy or scheme of chance, or the possible profits thereof as backers, vendors, owners or otherwise."

The defendants under this defense seek to establish, as a fact, that the plaintiff was herself directly interested as a part owner and sharer in the profits of this lottery scheme, and that as such part owner and sharer in the profits she is not entitled to maintain an action to recover from others jointly interested with her in the illegal enterprise.

That the scheme here disclosed is a lottery is admitted by both sides, and the question has been definitely settled by the decision of the Supreme Court in the case of *The State, ex rel,*

v. *The Interstate Savings Investment Company*, 64th O. S., page 283. The language of the statute is:

"A person who accepts any money    *    *    *    or incurs any obligation for the purchase of or to procure any lottery or policy ticket, hazard or chance or any interest therein    *    *    *    may sue for and recover from the person receiving such money    *    *    *    the amount thereof," etc.

Now, the person receiving plaintiff's money, the demurrer admits, was the corporation known as the Ohio Debenture Company, an artificial person, and that the plaintiff was a part owner by virtue of her ownership of these certificates of the corporation and its business. The business being conducted by this corporation was a business contrary to public policy and the statute law of this state. It was an illegal business, both at common law and under the statute, and as such all persons concerned in such business were *in particeps criminis* and *in pari delicto,* for the law does not undertake to determine the relative degree of obliquity of those who are concerned in such illegal transactions. That being true, neither at common law nor under the statute law of this state would the courts lend their aid to any of the participants. If the plaintiff has any right of action it must be by reason of the statutory provision and that statutory provision being in contravention of the common law must be strictly construed. Upon this point Judge Scott says, in the case of *Hooker et al* v. *De Palos et al,* 28th O. S., at page 261:

"Such statutes are a recognition of the established rule that no recovery could be had in such cases at common law. They are exceptional in their character, are in contravention of the common law, and therefore are to be construed strictly and not extended by implication beyond the particular cases of illegality for which they provide."

The language of the statute is that such action may be brought against the person receiving money, which in this case was the corporation. It may well be questioned whether strictly construing the statute, as we must, such action could be maintained against any other person than the corporation with those who

may be backers, vendors or sharers in the profits.  But passing
that, does this statute contemplate or provide for an action by
one interested as a part owner in an illegal enterprise, and
a sharer in the profits thereof.

After a careful consideration of the question, I have reached
the conclusion that the statute will not authorize an action to
be brought by one thus situated.  It seems to me the plain intent
and purpose of the statute is to punish the owners of the lottery
scheme and to thus discourage such enterprises.  That the statute
was intended to permit and does permit an action to be brought
against such owners by one who without having any pecuniary
interest in the profits of the lottery, scheme or system itself,
has purchased a ticket or chance to obtain a prize under the
lottery scheme.  That it was not the Legislature's intention to
give this right to one who had a direct interest in the profits of
the illegal enterprise, seems to me to be apparent from the pro-
vision of the statute itself, that all persons having any interest,
direct or contingent, in such lottery, policy or scheme of chance
or the possible profits thereof as backers, vendors, owners or
otherwise may be joined as defendants.  By this provision I
think the Legislature plainly indicated that it was not in-
tended to give such rights to any one of that class of persons
thus authorized to be made parties defendant.  The statute
with its penalties is aimed at them, and not provided for their
benefit.  All that class is to be mulcted—not aided by the stat-
ute.  I think it was the legislative intention to give such right
to the players or purchasers of tickets or chances, but not to
provide a right of action by one owner against co-owners.  I
do not believe it was in legislative contemplation that the courts
should sit to hear and determine questions of contribution be-
tween those generally interested as owners and sharers in the
profits of such illegal enterprises.  I am, therefore, of the opin-
ion that the averments of the second cause of action if proven
will constitute a defense, and the demurrer is overruled.

The third defense in substance states that upon the winding
up of the business of the Ohio Debenture Company, and the
distribution of the assets of the company to the several claimants
and creditors of said corporation, the plaintiff proved her claim,

and received as the amount due to her by virtue of her interest in the said corporation the sum of $272.40, and that her said claim was approved, and that she received that sum of money on account of said debentures which were sold, and issued to her by the said corporation, and upon which profits in the business in the form of dividends had been paid by said corporation to plaintiff, and that said claim was approved, allowed and received by the plaintiff, and that it was the same claim that plaintiff is now asserting in this action.

I think this would, if proven, be a defense *pro tanto* at least, and it also states the further defensive fact alleged in the first defense of her sharing in the profits of the business, and being a part owner thereof.

The fourth defense is in substance a plea of the statute of limitations, the defendants averring that the cause of action stated in the petition did not accrue to the plaintiff within one year before the bringing of this action as to all money expended by her in such debentures prior to the 11th day of January, 1901.

The demurrer raises the question as to whether or not the cause of action is barred within one year under Section 4983, or in six years under Section 4981. After a careful consideration of the decision of the Supreme Court in the case of *Cooper* v. *Rowley*, 29th Ohio State, 547, I think it is decisive of the question here presented, and that the one year statute of limitation applies to actions under Section 4271 of the Revised Statutes, as well as to the sections the court was construing in that case. It was the loser who sued in both cases. The court in that case held that it was an action upon a statute for a penalty or forfeiture. Judge Boynton says that this provision includes actions of debt *qui tam*, but does not say that it is limited strictly to what were known as *qui tam* action at common law, and he observes that—

"Although the plaintiff sues for himself alone, and not for himself and another, the result to defendant—the loss or forfeiture of the sum or thing won—is precisely the same. The fact that the statute confers the right to sue for and recover the whole sum lost by the wager, and awards that sum instead of a moiety or part thereof, to the party suing, does not affect the penal character of the action."

Nor do I see how there could be any difference in the nature of the action, whether brought by a loser within the period of six months, during which he has the exclusive right to bring it, or brought after that period when others are also given a right. He has no right to maintain such action except by virtue of the statute. But I am unable to see any difference in the nature of his right, if he begin before the expiration of the six months or after. Whenever he brings it within a year, if he be the first to bring such action, he obtains the right to recover the amount lost. "He is permitted to sue," says Judge Boynton, "not from having any legal claim to the funds in virtue of once owning it, but because he is included in the comprehensive class authorized to maintain the action."

That language is certainly as applicable to him before the expiration of the six months as afterwards. I believe the statutory limitation of one year applies to actions under this Section 4271 as well as under 4270 and 4273. For that reason the demurrer is overruled.

The same rulings apply in the case of *Altfelix* v. *Halliday et al*, No. 43,368; *Trogus* v. *Halliday et al*, No. 43,246; *Clelland* v. *Halliday et al*, No. 43,300 and *Walker* v. *Halliday et al*, No. 43,883.

*Bright & Bright, Albery, Heacock & Game,* for plaintiff.

*J. T. Holmes* and *Arnold, Morton & Irvine,* for defendant.