petition, and that is this: in an action of this kind, where it is sought to enforce a liability of this character against a stockholder in a defunct or insolvent corporation, he may be permitted to interpose against his statutory liability any lawful or legal claim that he may have against the corporation, and have the court recognize them and set them off as against his stockholder's liability; but that ground is not raised by the pleadings in this case. Therefore we are of the opinion, that the second ground of demurrer No. 2 should be overruled, and the same is overruled, and the defendant Griffin is given until the fourth Saturday in July to plead further, if he so desires.

---

## ANTI-TRUST LAW NOT APPLICABLE TO FIRE INSURANCE.

Common Pleas Court of Hamilton County.

MINNIE FOSTER v. J. F. ANKENBAUER.

Decided, August, 1913.

*Valentine Anti-Trust Law—Not Applicable to the Writing of Fire Insurance—Sections 6390, et seq.*

The business of writing fire insurance is not included under the provisions of the Valentine anti-trust law, and no recovery can be had thereunder on account of any agreement among fire insurance agents which precludes unrestricted competition. *Runck* v. *Cloud*, 8 N. P., 436, and *State* v. *Bovee*, 6 N.P.(N.S.), 337, approved and followed; *State* v. *Ross*, 4 N.P.(N.S.), not followed.

*Clore, Dickerson & Clayton,* for demurrer.
*Littleford, James, Ballard & Frost,* contra.

MAY, J. (orally).

The plaintiff in this case sues the defendant, together with some fifteen or twenty others doing insurance business in this city, county and state, and claims that because of a conspiracy entered into between the said agents and their companies and one George W. Cleveland, by which conspiracy an agreement was made to maintain the price or rate of insurance at a figure which precluded a free and unrestricted competition among themselves, contrary to the laws of the state of Ohio, the plaint-

iff was greatly injured, because as lessee of a certain building on Main street, she was compelled to pay more for her insurance than she had heretofore paid, and because certain of her tenants were compelled to pay higher insurance she was damaged in this respect also. She alleges that because of the increased cost over her present rate of insurance made by the agreement fraudulently and unlawfully entered into, and on account of the unlawful combination between the insurance agents and one George W. Cleveland, she has been damaged in the sum of $678. She claims a general damage of $10,000, and under Section 6397, General Code, claims double liability. Therefore she prays for a judgment of $21,356.

A demurrer was filed to this petition on behalf of one of the defendants, Heister, Huntington & Company. There are many points raised by the demurrer, but the only point necessary for consideration in disposing of this case is the question of whether insurance is within the meaning of this statute known as the Valentine anti-trust law, which is found in the General Code, Sections 6390 to 6402 inclusive. If the plaintiff has any cause of action she must bring herself within the terms set out in Section 6391, which defines what a trust is and goes on to state that it is a combination of capital, skill or acts by two or more persons, firms, partnerships, corporations or associations of persons, for any or all of the following purposes:

"1.   To create or carry out restrictions in trade or commerce.

"2.   To limit or reduce the production or increase, or reduce, the price of merchandise or a commodity.

"3.   To prevent competition in manufacturing, making, transportation, sale or purchase of merchandise, produce or a commodity.

"4.   To fix at a standard or figure, whereby its price to the public or consumer is in any manner controlled or established, an article or commodity of merchandise, produce or commerce intended for sale, barter, use or consumption in this state.

"5.   To make, enter into, execute or carry out contracts, obligations or agreements of any kind or discription, by which they bind or have bound themselves not to sell, dispose of or transport an article or commodity, or an article of trade, use, merchandise, commerce or consumption below a common standard figure or fixed value, or by which they agree in any manner to keep the price of such article, commodity or transportation at

a fixed or graduated figure, or by which they shall in any man-
ner establish or settle the price of an article, commodity or
transportation between them or themselves and others, so as
directly or indirectly to preclude a free and unrestricted com-
petition among themselves, purchasers or consumers in the sale
or transportation of such article or commodity, or by which they
agree to pool, combine or directly or indirectly unite any inter-
ests which they have connected with the sale or transportation of
such articles or commodity, that its price might in any manner be
affected. Such trust as is defined herein is unlawful, against
public policy and void.''

This statute has been construed on its criminal side, as far
as the court was advised by counsel and as far as it was able
to ascertain by additional search, three times in the state of
Ohio. The first reported case is the case of *State* v. *Ross*, 4
N.P.(N.S.), 377, in which the Common Pleas Court of Ashtabula
County in a decision by Judge Roberts, concurred in by Judge
Metcalf, held that the provisions of the Valentine anti-trust
law includes the business of fire insurance.

In *State* v. *Bovee*, 6 N.P.(N.S.), 337, the Common Pleas Court
of Lorain County, in a decision by Judge Washburn, holds that
the business of soliciting and selling fire, lightning and tornado
insurance is not commerce, and that contracts of insurance are
not commodities, and that the carrying on of the in-
surance business is not a trade within the meaning of what
was then Section 4427-1, known as the Valentine anti-trust
law, now Section 6391, General Code. In an unreported deci-
sion referred to in the argument, Judge Vickery of the Cuya-
hoga County Common Pleas Court came to the same conclusion
as Judge Washburn.

I was asked to make an independent investigation of this mat-
ter and do decide the case irrespective of these authorities. In
the examination of these cases I ran across an opinion in the
case of *Runck* v. *Cloud*, 8 N.P.(N.S.), 436, and I especially refer
to that part of the opinion given at page 445. This opinion is
by Judge Dempsey, and I was informed on investigation that the
case was originally brought in the special term of the superior
court, and had been reserved to the general term, and that Judge
Rufus B. Smith, and I think Judge Jackson had concurred with

Judge Dempsey. That is the impression of some members of the bar, and I might say, of Judge Smith himself.

I am inclined, without extending this opinion unnecessarily and piling up opinions of nisi prius judges on well settled principles to adopt the reasoning of Judge Dempsey, as well as the reasoning of Judge Washburn in the Lorain county case, and I base my opinion on the belief that insurance is not within the contemplation of this statute, either in the term commerce, or in the term commodity; that it is not commerce is settled in the case cited in all the opinions, the leading case of *Paul* v. *Virginia*, in the United States Court (8 Wallace, 168). That it is not a commodity is settled by the Texas Supreme Court, 86 Tex., 250.

Counsel for plaintiff asked me to take a broad view of this statute. I am perfectly willing to give as broad a construction to the statute as possible, but after all, this is both a criminal statute and a *quasi*-criminal, in that there is a penalty attached to the violation of a statute which makes it criminal, and criminal proceedings may be brought under it. Then there is a right of action under Section 6397, which is in the nature of a penalty. In other words it provides that if any one violates this statute and some one suffers injury, he is entitled notwithstanding what the state may do, to damages in double the amount for the injury which he may sustain. That is a penalty, and that has been construed by the court as *quasi*-criminal, and therefore a strict construction must be given to the statute.

Now, when one examines the history of this character of legislation, both in the state of Texas and in the state of Missouri, which may be regarded as pioneers in this law, it will be found that both those states passed a law expressly bringing insurance into the statute when it was not originally there.

There is no doubt but that the state has a right to regulate insurance and prices. Purely then, viewing this statute as a criminal statute and especially in view of the very learned, exhaustive and clear opinion of Judge Dempsey, speaking for himself and Judge Smith, and probably Judge Jackson, I am of the opinion that the demurrer should be sustained.

Leave will be given to amend.

END OF VOLUME XIV.