86

## DIPSON THEATRES, Inc., v. BUFFALO THEATRES, Inc., et al.

### Civil Action No. 3058.

District Court, W. D. New York.

May 5, 1948.

Borins & Hoffman, of Buffalo, N. Y. (Dwight Campbell, of Buffalo, N. Y., of counsel), for plaintiff.

Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Buffalo Theatres, Inc., Bison Theatres Corporation, Loew's, Inc., and Paramount Pictures, Inc.

Kimball, Smith, Miller, Murphy & Roberts, of Buffalo, N. Y. (Clayton M. Smith, and Marguerite P. Fisher, both of Buffalo, N. Y., of counsel), for defendant Warner Bros. Pictures Distributing Corporation.

Sidney B. Pfeifer, of Buffalo, N. Y., for defendant RKO Radio Pictures, Inc.

Dwight, Harris, Koegel & Caskey, of New York City, and Sidney B. Pfeifer, of Buffalo, N. Y., for defendant Twentieth Century-Fox Film Corporation.

O'Brien, Driscoll & Raftery, of New York City, and Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Universal Film Exchange, Inc., and United Artists Corporation.

Schwartz & Frolich, of New York City, and Zisser & Moriarty, of Buffalo, N. Y., for defendant Columbia Pictures Corporation.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for defendant Vincent R. McFaul.

KNIGHT, District Judge.

Plaintiff sues defendants under the Act of Congress of July 2, 1890, 15 U.S.C.A. §§ 1–7, 15 note, commonly known as the Sherman Anti-Trust Act, and under the Act of Congress of October 15, 1914, 15 U.S.C.A. §§ 12–27, commonly known as the Clayton Act, to recover treble damages totaling $2,561,833.02 and attorneys' fees.

Plaintiff has propounded interrogatories to the corporate defendants. Each of these defendants has objected to certain of these interrogatories, and the question for consideration is the merit of these objections.

The complaint states three causes of action, each of which incorporates the following allegations:

Plaintiff, a New York corporation, is engaged in the business of owning or leasing and of operating motion picture theatres in Buffalo and Lackawanna, N. Y.

Defendants Buffalo Theatres, Inc., Bison Theatres Corp. and Vincent R. McFaul, called "defendant exhibitors," are engaged in such business in said two cities.

Defendants Warner Bros., Loew's Inc., Paramount, RKO, Twentieth Century-Fox, Universal, Columbia and United Artists, called "defendant distributors," are in the business of distributing motion picture film for exhibition, maintaining places of business at Buffalo, N. Y. Distribution is effected by contracts between them and exhibitors, granting the latter, for a designated or ascertainable fee, a license to exhibit a particular film or group of films. These contracts fix the time when a picture may be shown by stating the "run" and "clearance" for the particular theatre.

The great majority of motion pictures are produced in California, whence the negative film is shipped to New York or New Jersey, where positive prints are made and then shipped to exchanges in various cities throughout the United States by distributors who deliver the prints to licensed exhibitors in the area served by the particular exchange. Exhibitors show the films and then return them to the distributors. Such business constitutes interstate commerce, in which plaintiff and defendants are engaged.

Plaintiff further alleges that defendants Loew's Inc., Paramount and Vincent R. McFaul each owns one-third, more or less, of the capital stock of defendant Buffalo Theatres, Inc.; that the latter owns all the capital stock of defendant Bison Theatres Corp.; that by reason thereof defendants Loew's, Inc. and Paramount control 12 named motion picture theatres in Buffalo and Lackawanna, N. Y., operated by "defendant exhibitors." Plaintiff alleges that "defendant distributors" control licensing of about 90% of the A and B pictures produced each year; that no exhibitor can profitably operate a theatre in said cities without showing such pictures.

It is then alleged that "defendant exhibitors" have monopolized and all defendants have combined and conspired to monopolize trade and commerce among the several states by securing to "defendant exhibitors" the sole and exclusive right to first-run and second-run of feature pictures at Buffalo, N. Y., and by preventing any person other than "defendant exhibitors" from securing right to such pictures in said city, thereby violating sections 1 and 2 of the Sherman Anti-Trust Act; that said combination and conspiracy have been in existence since April 24, 1939. Plaintiff then alleges the methods used by defendants to accomplish this purpose.

Plaintiff's first cause of action alleges acts of discrimination against its Bailey Theatre, located in Buffalo, N. Y., resulting in a total loss of $152,000. The second cause of action alleges acts of discrimination against its Century Theatre, located in Buffalo, N. Y., and against its Riviera Theatre, located in North Tonawanda, N. Y. resulting in respective total losses of $584,907.34 and $45,000. The third cause of action alleges similar discrimination against its Franklin, Ridge, Hollywood and Park Theatres, all located in Lackawanna, N. Y., but that the principal injury and damage was suffered at the Ridge Theatre and amounted to $72,037.

The total of the alleged damages of plaintiff and its predecessors is $853,944.34. Plaintiff demands treble this amount or $2,-561,833.02, as provided in section 4 of the Clayton Act, 15 U.S.C.A., § 15.

The objections herein are mainly bottomed on the question of their relevancy and the claimed burden and expense in answering them. The purpose and the general latitude of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are well known.

This court has had occasion to pass on the question of the allowance of interrogatories in two cases involving issues similar to those presented here.

 The same amended interrogatories, with certain variations, were served upon the eight defendants. No objection was taken to Interrogatory 1 which reads: "What feature pictures did you distribute in each year from January 1, 1936, to September 17, 1946? State the name and national release date of each such feature." Allowed.

All eight defendants object to Interrogatory 2, which reads: "As to each feature listed in response to Question 1 above, state the national gross income received from the licensing of that feature for exhibition." Disallowed.

Interrogatory 3 addressed to the defendants Warner Bros., Loew's, Inc., Paramount, RKO, and Twentieth Century-Fox and objected to by each, reads as follows:

"Is it true that you or your subsidiary or affiliated corporations have a whole or partial interest, as owner, lessee, or under an operating or management agreement, in (the number varies in case of each defendant) motion picture theatres throughout the United States; and that you or your subsidiary or affiliated corporations had similar interests jointly with one or more of the other defendants * * *, or any of their subsidiary or affiliated corporations, at the same date in (the number varies in case of each defendant) motion picture theatre(s) throughout the United States; and did you or your subsidiary or affiliated corporations have such interests in approximately the same number of theatres in each year from January 1, 1939 to September 17, 1946? If the stated figures are incorrect, state the correct figures in each classification." Allowed.

Interrogatory 4 addressed to all eight defendants but numbered 3 in the demands to Universal, Columbia and United Artists, to which all eight object, reads as follows:

"As to the ninety-two cities in the United States having a population of one hundred thousand or over, for the motion picture season 1939–40, state: (a) The number of such cities in which feature pictures distributed by you were licensed for exhibition at first run at theatres in which one or more of the defendants herein, or their subsidiaries or affiliates, had an interest as owner, lessee, or under an operating or management agreement; (b) The number of such cities in which feature pictures distributed by you were licensed for exhibition at first run at theatres owned, leased, operated or managed by an independent exhibitor; and (c) The number of such cities in which feature pictures distributed by you were licensed for exhibition at first run both at theatres of the defendants, as in (a) and of independents, as in (b)." Disallowed.

Interrogatory 4 addressed to defendants Universal, Columbia and United Artists and to which they each object reads:

"State the total national gross income for each year from January 1, 1936 to September 17, 1946, received from the licensing of all features distributed by you." Disallowed.

Interrogatory 5 addressed to the five defendants Warner Bros., Loew's Inc., Paramount, RKO and Twentieth Century-Fox and to which each objects reads as follows:

"State whether any feaure pictures produced or distributed by Republic Pictures, Corp., Monogram Film Exchanges, Inc. or P. R. C. Pictures, Inc. were exhibited at first run in any of the theatres referred to in Question 3, between January 1, 1939 and September 17, 1946. If your answer is in the affirmative, state the number of such pictures so exhibited, year by year, together with the names and locations of the theatres at which they were exhibited." Allowed.

Interrogatory 5 addressed to the remaining three defendants Universal, Columbia

and United Artists, to which each objects, reads:

"State the total national gross income received from the licensing of features distributed by you for exhibition at all theatres owned, wholly or partially, or operated or managed, directly or indirectly, by the defendants Loew's Inc., RKO Radio Pictures, Inc., Warner Bros. * * *, Twentieth Century-Fox Film Corporation, and Paramount Pictures, Inc., or their subsidiaries or affiliates, in each year from January 1, 1936 to September 17, 1946." Disallowed.

The remaining Interrogatories, to which each of the eight defendants objects on various grounds, relate to the total gross income of theatres in Buffalo, N. Y., from January 1, 1936, to December 31, 1947.

The statute of limitations applicable to actions under section 4 of the Clayton Act, 15 U.S.C.A. § 15, is that of the state in which suit is brought. Momand v. Paramount Pictures Distributing Co., D.C.D. Mass., 36 F.Supp. 568, 570; Seaboard Terminals Corp. v. Standard Oil Co. of N. J., D.C.S.D.N.Y., 24 F.Supp. 1018, 1020; affirmed 104 F.2d 659. The pertinent New York statute is sec. 48 of the Civil Practice Act, which provides a limitation of 6 years for "An action to recover upon a liability created by statute, except a penalty or forfeiture."

The complaint in the instant action was filed September 17, 1946, and the six year period would go back to September 17, 1940, prior to which plaintiff's claims for damages would be barred if the statutory defense were availed of in the answers. Each defendant in its answer has set forth this six year statute.

This New York State Statute of Limitation applies in so far as the recovery of any damages is concerned. However, proof of acts more than six years before the commencement of the action may be shown, if shown to be connected with acts within the six year period. Bigelow v. RKO, Radio Pictures, 327 U.S. 251, 66 S. Ct. 574, 90 L.Ed. 652.

Each of the Interrogatories Nos. 6–12 is allowed. It appears from the briefs herein that some of the required material is not available. Of course, defendants cannot be obligated to do something not within their power to do.