## C. S. BEADLE v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY.

COMMON CARRIERS — *Recovery of Overcharges—Damages.* The act concerning railroads and other common carriers, of 1883, giving a full and ample remedy to the shipper for the recovery back for any excess of overcharges received by the common carrier beyond reasonable compensation, is a substitute for the remedy provided in such case at common law. The statute not only permits the shipper to recover the excess of overcharges exacted by the common carrier, but allows three times the excess, or treble damages, with attorney's fee and costs. (Laws of 1883, ch. 124; Gen. Stat. of 1889, ¶¶ 1333, 1334, 1342.)

*Motion for Rehearing.*

THE facts are sufficiently stated in the opinion herein, filed April 8, 1893, and in *Beadle v. K. C. Ft. S. & M. Rld. Co.,* 48 Kas. 379.

*E. F. Ware,* for plaintiff in error.

*Wallace Pratt, Chas. W. Blair,* and *I. P. Dana,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: At the January term for 1892, this court held that the petition filed in this case stated statutory causes of action, and, therefore, affirmed the judgment of the trial court. (Gen. Stat. of 1889, ¶¶ 1332, 1333, 1334, 1335, 1342; 48 Kas. 379.) Our attention upon the rehearing has been called specially to the amendment filed to the petition, which reads as follows: "Now comes the plaintiff and amends the prayer of his petition as to each count thereof, as follows: Strike out the words 'three times,' and 'to wit, $ (figures) and (figures) cents, as provided by law,' and leave standing the words 'said sum,' so as to make it read, 'wherefore plaintiff asks judgment for said sum, with interest,' etc. Plaintiff does this because he desires the action to be taken and considered as one upon implied contract to obtain the recovery of overcharges made."

At common law, a public or common carrier is bound to accept and carry for all, upon being paid a reasonable compensation. The common law condemns unjust and unreasonable charges, and it has always been the right of a shipper, at common law, to recover back any overcharge or excess beyond reasonable compensation. Therefore, the question raised in this case upon the rehearing is, whether the legislature, in passing the act concerning "railroads and other common carriers," in 1883, intended that the provisions of the statute should be a substitute for the common law on this subject. The question is fairly presented in this case, whether the plaintiff below has his remedy to recover back the overcharges alleged under the common law, or whether he must seek his remedy under the statute. Upon the part of the plaintiff, the contention was, and is now, that the statute of 1883 is merely a cumulative remedy. The claim of the railroad company is, that the statute affords a full and complete remedy to recover back any overcharge or excess of a carrier, and is a substitute for the remedy at common law; that the statute in this instance supersedes the common law, and gives the only remedy where unreasonable charges or prices are exacted by the carrier for the transportation of persons or property.

Paragraph 1333, General Statutes of 1889, reads:

"No railroad company shall charge, demand or receive from any person, company, or corporation, for the transportation of any property or for any other service, a greater sum than it shall at the same time charge, demand or receive from any other person, company or corporation for a like service from the same place, or upon like condition and under similar circumstances; and all concessions of rates, drawbacks and contracts for special rates shall be open to and allowed all persons, companies and corporations alike; nor shall it charge more for transporting freight from any point on its line than a fair and just proportion of the price it charges for the same kind of freight transported from any other point." (Laws of 1883, ch. 124, § 10.)

Paragraph 1334 reads:

"No railroad company shall charge, demand or receive

from any person, company or corporation, an unreasonable price for the transportation of persons or property, or for the hauling or storing of freight, or for the use of its cars, or for any privilege or service afforded by it in the transaction of its business as a railroad company. And, upon complaint in writing, made to the board of railroad commissioners, that an unreasonable price has been charged, such board shall investigate said complaint, and if sustained shall make a certificate under their seal, setting forth what is a reasonable charge for the service rendered, which shall be *prima facie* evidence of the matters therein stated." (Laws of 1883, ch. 124, § 11.)

Paragraph 1342 is as follows:

"Any railroad company which shall violate any of the provisions of this act shall forfeit for every such offense, to the person, company or corporation aggrieved thereby, three times the actual damages sustained by the said party aggrieved, together with the costs of suit, and a reasonable attorney's fee, to be fixed by the court; and if an appeal be taken from the judgment, or any part thereof, it shall be the duty of the appellate court to include in the judgment an additional reasonable attorney's fee for services in appellate court or courts." (Laws of 1883, ch. 124, § 19.)

The general rule is, that a statute covering the whole subject-matter of a former one, adding offenses and varying the procedure, operates not cumulatively, but by way of substitution, and therefore impliedly repeals it. (*United States v. Claflin*, 97 U. S. 546; *Young v. Railway Co.*, 33 Mo. App. 514; *Crosby v. Bennett*, 48 Mass. 19; *Smith v. The State*, 14 Mo. 115; *Thurston v. Prentiss*, 1 Manning, 201; *Commonwealth v. Cooley*, 10 Pick. 37.) This court, in *Insurance Co. v. Swayze*, 30 Kas. 118, referring to the revision of 1868, chapter 119, § 3, which prescribes that "The common law, as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people, shall remain in force in aid of the general statutes of this state," decided that the rule of the common law permitting an administrator to settle or compromise claims against an estate in his hands was superseded by the statute concerning the duties of administrators and the power of probate courts. At common law, the car-

rier could recover what was reasonable, notwithstanding the
overcharge, and the shipper had to pay to the carrier all over
the excess claimed, and he could recover only the overcharge or
excess.    But, under the statute of 1883, the shipper aggrieved
may recover not only the overcharge or excess, but three times
the actual damages sustained, together with the costs of the
action and a reasonable attorney's fee.    Therefore, if a ship-
per in this state is charged an unreasonable price for the trans-
portation of his property, or for the storing of his freight, or
for the use of cars, or for any privilege or service afforded by
a railroad company in the transaction of its business, in an
action brought to recover the overcharge or excess, the facts
alleged, which would give the shipper a cause of action under
the common law to recover back merely the overcharge or ex-
cess, will, under the statute, authorize him to recover three
times his actual damages or overcharge, with costs and attor-
ney's fee.    The legislature has not only enacted a statute which
gives to the shipper all his remedy at the common law, but
has conferred upon him further or additional rights.    The
statute gives a full and complete remedy to the shipper who
has been overcharged.    It gives a better remedy than the
common law, and therefore, in our opinion, it was intended
by the legislature that this statute should supersede the com-
mon law concerning unreasonable prices or excessive charges.
We do not think that a shipper may waive the statute and
avoid the limitation of one year, by an action at common law.
The statute gives a full remedy, and, when a full remedy is
given thereby, the parties are and ought to be confined to it.
In a case very similar to this (*Young v. Railway Co.*, supra),
the Missouri court of appeals decided that

"A statute law and the common law may alike be repealed,
(1) by repealing clause; (2) by such repugnance that the two
laws may not, in reason, both stand; (3) by a revision of the
whole subject-matter of the former law which is evidently
intended as a substitute for it.    The two latter, being repeals
by implication, are not favored, yet the courts are steadily
and unhesitatingly applying and enforcing these rules when-
ever their terms cover the case in hand.    Article 3, chapter

21, Revised Statutes 1879, concerning railroad classification and charges, repeals the common law, under the second, certainly at least under the third, reason set out above, and a common-law action cannot be maintained in this state to recover the excess of overcharges exacted by it."

Opposing this, the rule is referred to upon the part of plaintiff, that

"A statute fixing a penalty for an offense does not, either expressly or by necessary implication, cut off the common-law prosecution or punishment for the same offense, and must be taken to intend merely as a cumulative remedy."

This rule we fully recognize, but it is based upon the theory that a penalty may not give a sufficient or full remedy to the party aggrieved, and, therefore, that a statute providing a penalty should not supersede the rights of the aggrieved party at the common law. (*People v. Turnpike Road*, 23 Wend. 221–243; *Turnpike Road v. State of Maryland*, 19 Md. 239.)

Under the statute of 1883, the shipper aggrieved may not only recover the overcharge or excess, but three times the amount of the overcharge or excess; that is, treble damages. Therefore, while the action is in the nature of a penalty, it gives a sufficient remedy. The purpose of the statute is not merely to punish an offense against the public justice of the state, but to afford a private remedy to the person injured by the wrongful act. (*Huntington v. Atrill*, 13 Sup. Ct. Rep. 224.) The party aggrieved may recover a greater amount under the statute than at the common law.

Counsel for plaintiff cites the following cases in support of his contention: *Clark v. Transportation Co.*, 24 N. E. Rep. 49; *Cook v. Railway Co.*, 46 N. W. Rep. 1080; *Heiseman v. Railroad Co.*, 63 Iowa, 732. In the Clark case, *supra*, the statute is, in substance, the English employers' liability act. The Kansas statute of 1874, concerning the "liability of railroads," is somewhat similar. But none of these statutes is a substitute for the common-law liability of the master, because these statutes merely give a new or additional right. They

make the master liable for all damages to an employé by the negligence of a co-employé, if the party injured is in the exercise of due care and diligence. They do not attempt to regulate the full relations of master and servant. The common law, under those statutes, remains in force in aid thereof to supply a remedy not provided for in the statutes. In the Cook case, *supra*, no question was raised in regard to any statute, or as to whether a statute abrogated the common law. In *Heiseman v. Railroad Co.*, 63 Iowa, 732, it does not appear that the point was made that the statute referred to was intended as a revision of the common law. The last case is referred to and commented upon in *Young v. Railway Co.*, supra.

Finally, it is claimed that the following provision of § 13 of the act of 1883 continues the common law in force as to overcharges: "No railroad company shall be permitted, except as otherwise provided by regulation or order of the board, to change or limit its common-law liability as a common carrier." (Gen. Stat. of 1889, ¶ 1336.) The statute referred to does not change or limit the common-law liability of a railroad company as a common carrier, but enlarges that liability. The action for the recovery of overcharges, under the statute, must be brought under subdivision 4 of § 18 of the code, within one year; not three years. The overcharges, however, may all be recovered under the statute, as at common law, with additional damages or penalty. No regulation or order of the board is necessary for the recovery of such overcharges, and no order or regulation of the board can prevent the operation of § 19, chapter 124, Laws of 1883, (Gen. Stat. of 1889, ¶ 1342,) concerning the recovery of such overcharges.

What is said of the common-law remedy against common carriers, in *Beadle v. Railroad Co.*, 48 Kas. 379, by SIMPSON, C., is wholly *obiter*.

The motion for rehearing will be denied.

All the Justices concurring.