**FULTON v. LOEW'S, Inc. et al.**

No. KC-199.

United States District Court
D. Kansas.

Sept. 4, 1953.

As Amended Sept. 16, 1953.

William G. Boatright, Kansas City, Mo., Willard L. Phillips, and Thos. M. Van Cleave (of McAnany, Van Cleave & Phillips), Kansas City, Kan., and Nick C. Spanos, Beverly Hills, Cal., for plaintiff.

James C. Wilson (of Watson, Ess, Whittaker, Marshall & Enggas), Kansas City, Mo., and Louis R. Gates, Kansas City, Kan., for defendants.

MELLOTT, Chief Judge.

The present issue, tried to the court under Rule 43(b), Fed.Rules Civ.Proc., 28 U.S.C.A., and involving no factual controversy, requires determination of two basic questions: (1) May the corporate defendants, in this suit under the Sherman and Clayton Anti-Trust Acts,[1] avail themselves of the Kansas statutes of limitation, if applicable? and (2) What is the period of limitation under the facts pleaded?

It is conceded by counsel for each of the parties that there is no federal statute of limitations dealing specifically with a suit for "threefold the damages"[2] where, as alleged here, there has been a discrimination against the plaintiff to the injury of his business of owning and operating a motion picture theater, in Kansas City, Kansas. The present questions are important, although the court's ruling cannot extend beyond fixing the maximum period within which damages may be assessed by a jury. If the defendants are correct, the period may not exceed one year prior to the filing of this suit on February 29, 1952. If either of the alternative contentions of the plaintiff is upheld, the period may extend throughout the operation of the theater, i. e., since 1946.

In connection with the first question, plaintiff, relying upon Weishaar v. Butters Pump & Equipment Co.,[3] urges that the defendants not having obtained licenses to do business in the State of Kansas in compliance with a local statute,[4] cannot avail themselves of the provisions of its statute of limitations. In the cited case, the transactions out of which the controversy arose were intra-state in character. The court held that the statute, although pleaded, was not available to the defendant. In its opinion reference was made to the holding in Doherty v. Kansas City Star,[5] the court saying:

> "This court has held that a foreign corporation engaged in interstate commerce is entitled to plead the statute of limitations."

Plaintiff urges that the Doherty case "was obviously unsound" and attempts to spell out of some of the language used in the Weishaar case, an overruling of it. Defendants point out that the statute under which this case is brought authorizes suit only " * * * in the district in which the defendant resides or is found or has an agent * * *"; that there can be no question of the defendants' amenability to suit in this state; that they, like The Star Company in the Doherty case, "needed no grant of authority from the charter board to come into this state and prosecute the various activities which comprised and were incidental to [their] interstate commerce business"; and that any construction which would prohibit them from pleading the Kansas statute of limitations would amount to an unconstitutional discrimination against interstate commerce.

No extended discussion of the question seems to be necessary. It is this court's view the defendants have the better of the argument. The Doherty case has not been overruled by the Kansas Supreme Court. The citation of both it and the Weishaar case in the later case of Miller v. Commercial Credit Co.[6] indicates that the court found no inconsistency in the rationale

---

1. 15 U.S.C.A. §§ 1, 2 and 15.

2. Idem § 15.

3. 149 Kan. 842, 89 P.2d 864, 865, 122 A. L.R. 1190.

4. G.S.Kan.1935, 17–509.

5. 143 Kan. 802, 57 P.2d 43, 45.

6. 156 Kan. 43, 131 P.2d 716.

of the two cases; nor does this court discern any. The first question, therefore, is answered in the affirmative and it is held the defendants may avail themselves of the Kansas statutes of limitations to the extent applicable.

The other question is more difficult and the right answer is elusive. Plaintiff pleads the pendency of an action against the defendants (or most of them), brought by the United States, which was terminated at various dates (as to named defendants) between November 8, 1948 and October 16, 1950—possibly later as to some of the defendants. Speaking generally plaintiff contends the assessment of damages should cover a period of three years preceding the filing of its complaint in this case, plus the period the antitrust suit was pending. Defendants have pleaded the one, two and three-year Kansas statutes of limitation alternatively; but their argument is directed largely to the one-year statute. Their position, as stated upon brief, is: "If, as defendants contend, the one-year * * * statute * * * is applicable * * *, the date on which the Government litigation terminated with respect to the various defendants is not significant because there is no tolling provision which would permit plaintiff to recover for anything which occurred more than one year prior to the filing of this action."

The Kansas statutes are set out in the margin.[7] The parties have filed lengthy, well-prepared briefs and have also made available to the court briefs filed in a similar case in the Western District of Missouri and the opinion recently entered by the learned Judge in that case, 113 F.Supp. 937. Here, as in the case alluded to, the parties differ sharply as to how application of the state statute of limitations is to be made. Defendants argue that the action is one to recover more than mere compensatory damages; that it under the Kansas interpretation, is penal in nature; and that this court is bound to adopt the Kansas construction of its statute. Plaintiff argues that the action, being federally created, the court should look to the federal decisions to determine its nature; that the prevailing rule is that an action to recover under the Sherman and Clayton Acts is remedial and not penal in nature; and that the three-year statute—"an action upon a liability created by statute, other than a forfeiture or penalty"—applies.

In the case pending in the Western District of Missouri, to which reference has been made, the Honorable Albert A. Ridge, Judge, recently entered an opinion[8] in which it was said:

"Whatever may be the judicial prerogative of the state courts to construe their own statutes, we do not believe that they can ever assume the awesome role of Delphic Oracle on such a fundamental matter as to with finality characterize or classify a purely federal cause of action. It is true that a federal court will, particularly in diversity cases, apply state court construction to a state-derived cause of action. But when state court construction, even of its own statutes, invades

---

7. G.S.1949, "60–306. *Civil actions other than for recovery of real property.*

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Second. Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal proper-

ty; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; and action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

"Fourth. Within one year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

8. The Electric Theater Co. v. Twentieth Century-Fox Film Corp., D.C., 113 F. Supp. 937.

the province of characterization in a field divorced from state regulation, then clearly such an invasion of the federal judicial province is entitled to no consideration. The line of demarcation between statutory construction and characterization is often elusive and distressingly vague. Yet, we cannot ignore the distinction. Although by federal law we are directed to the state statute of limitations in cases of this kind, we do not think that such procedural directive transforms state adjective law into a springboard from which state courts can assert a formative influence on federal substantive law. Regardless of defendants' protestations to the contrary, to allow an anti-trust action to be characterized as one for a penalty or forfeiture, depending on state court *stare decisis*, would involve considerably more than 'statutory construction' for a limited procedural purpose."

There a Kansas corporation, operating a motion picture theater three blocks from, and in competition with, the plaintiff's theater, is suing the same defendants as here, under the antitrust statutes. The learned court held that " * * * the Kansas 3-year statute of limitation should be applied * * * the cause of action [having accrued] in that State and there [being an applicable] 'borrowing statute' in the *lex fori* * * *." Desirable as it may be that the result be the same in the two cases, this court should not shirk its responsibility to determine the questions before it. Its task is, to say the least not made less difficult by reason of the fact that there is extant an unreported decision by a judge of this court, entered some fifteen years ago, holding the Kansas one-year statute of limitations applicable to an action brought under Section 2 of the Clayton Act. True, in that case the learned Judge wrote no opinion and his order dismissing the action could have been bottomed upon his "Declaration on Questions of Law" preceding those which he made on the stat-

utes of limitations issue—it was held that the transactions complained of in the petition were not in the course of interstate commerce, did not involve interstate commerce, and the facts alleged did not constitute a cause of action under Section 2 of the Clayton Act—; but it cannot be gainsaid he held, as defendants here point out, that under the Kansas statute, as interpreted by its Supreme Court, the action was one upon a liability created by statute for a penalty and was barred after one year from the accruing of the alleged liability.

What has been said merely points up the dilemma in which this court finds itself, accentuated by a memorandum filed since Judge Ridge's opinion was entered in the Electric Theater case in which, it is stated, the ruling of the United States Supreme Court in Chattanooga Foundry & Pipe Works v. City of Atlanta,[9] was "completely misapplied." It is urged that Hoskins Coal & Dock Corp. v. Truax-Traer Coal Co.,[10] and Schiffman Bros., Inc. v. Texas Co.,[11] are the better reasoned cases and that they, rather than the cases taking essentially the approach taken by Judge Ridge, should be followed. Due consideration has been given to the argument; but, with all due deference to the Court of Appeals for the Seventh Circuit, it is felt the cases should not be followed. They take what the court later in this discussion will refer to as the "state" approach rather than the "federal" approach taken by Judge Ridge. In fairness to the defendants, however, a brief preliminary statement with reference to the Kansas decisions should be made.

The Kansas decisions, it is believed, hold generally that an action wherein a defendant's liability is greater than the damages actually sustained, is classed as being "upon a statute for penalty or forfeiture" and hence governed by the one year provision. In this category are actions to recover on statutes which allow double or treble damages for cutting or carrying away timber, Sullivan v. Davis [12], for a railroad charging

9. 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, C.C., 101 F. 900; 6 Cir., 127 F. 23, 64 L.R.A. 721.

10. 7 Cir., 1951, 191 F.2d 912.
11. 7 Cir., 1952, 196 F.2d 695.
12. 29 Kan. 28.

one shipper more than it charged another, Beadle v. Kansas City, Ft. S. & M. R. Co.,[13] and allowing as exemplary damages $5 per day for each car not delivered for use by a shipper, Udall Milling Co. v. Atchison, T. & S. F. Railway Co.[14] See also cases cited in Slater v. Atchison, T. & S. F. Ry. Co.[15] Whether the rule is an absolute one is at least debatable. Thus, in Great Western Machinery Co. v. Smith, 87 Kan. 331, 124 P. 414, 41 L.R.A.,N.S., 379, it was said:

"A distinction has been made, however, between statutes which are entirely penal, their sole purpose being to punish a violation of the law for the public benefit, and those which are in part compensatory; the violator being required to make good to an individual a possible loss having some connection with his default. It is universally held that statutes of the former character can be executed only by the sovereignty enacting them. But by the weight of later authority, and, as we think, by the better reason, actions may be maintained anywhere to enforce the liability to an individual, created by statutes of the latter kind." See Id., 96 Kan. 213, 150 P. 568.

Whether the Kansas decisions declining, as a matter of policy, to enforce penalty statutes of another state can be held to be a construction of its statutes of limitations is questionable. Moreover, since the Great Western Machinery Co. cases, supra, were decided, the Kansas court seems to have adopted a more liberal view. Thus in the Slater case (footnote 15) a group of cases was cited in which it was held that actions brought "under the statutes for failure to comply with a proper demand for the re-

lease of mortgages are barred by the one-year limitation, because the plaintiff in such a case is permitted to recover the sum of $100 and attorney's fees without regard to whether he has been damaged at all." [91 Kan. 226, 137 P. 944.] The adoption of a more comprehensive statute under which, in addition to the $100 and attorneys' fee, damages in such amount as "the evidence in the case will warrant" could be awarded, was thereafter held, in Mathews v. Union Cent. Life Ins. Co.,[16] to be "purely remedial" and governed by the three-year limitation.

Notwithstanding the statement quoted from the Great Western Machinery Co. case, supra, however, this court has not been cited to, nor has it found, any case in which the Supreme Court of Kansas has enforced a statute of another state, under the maxim of international law, which allowed more than actual damages, except in instances where similar relief would have been granted under Kansas law. See, e. g., Roseberry v. Scott, 120 Kan. 575, 576, 244 P. 1063 and cases cited. This court, therefore, cannot hold categorically that in an action instituted in Kansas to recover more than actual damages the one year statute would not be held to be applicable; so there seems to be no escape from choosing between the rationale of the Hoskins and Schiffman cases on the one hand and the views expressed by Judge Ridge on the other.

A majority of the federal courts construe the Chattanooga case as holding that a civil recovery under the Sherman and Clayton Acts is remedial and compensatory and not penal. Some of the cases in that category are set out in the footnote.[17]

13. 48 Kan. 379, 29 P. 696; 51 Kan. 248, 32 P. 910.

14. 82 Kan. 256, 108 P. 137.

15. 91 Kan. 226, 137 P. 943, L.R.A.1916F, 949.

16. 104 Kan. 254, opinion on rehearing page 540, 178 P. 609 and 179 P. 974.

17. Baush Mach. Tool Co. v. Aluminum Co. of America, 2 Cir., 63 F.2d 778; Sullivan v. Associated Billposters and Distribu-

tors, 2 Cir., 6 F.2d 1000; Hansen Packing Co. v. Swift & Co., D.C.S.D.N.Y., 27 F.Supp. 364; Winkler-Koch Engineering Co. v. Universal Oil Prod. Co., D.C.S.D. N.Y., 100 F.Supp. 15; Momand v. Universal Film Exchange, D.C.Mass., 43 F. Supp. 996; Wolf Sales Co. v. Rudolph Wurlitzer Co., D.C.Colo., 105 F.Supp. 506; Christensen v. Paramount Pictures, D.C.Utah, 95 F.Supp. 446; Burnham Chemical Co. v. Borax Consolidated, 9 Cir., 170 F.2d 569; Foster & Kleiser

Many of them, construing statutes similar to, or identical with, the Kansas statute, specifically hold such actions to be "upon a liability created by statute, other than a forfeiture or penalty." Learned counsel for the defendants caution against placing too much reliance upon cases from other states; for, as it is said, in some of them the state construction has been more liberal than in Kansas. That is indeed true; so a more fundamental approach should be taken to the problem. However, the case of Momand v. Twentieth-Century Fox Film Corp., D.C., 37 F.Supp. 649, decided by the Honorable Alfred P. Murrah of the Tenth Circuit, assigned and sitting in Oklahoma as a District Judge, is not in that category, inasmuch as the Oklahoma statute was copied from Kansas and has received essentially the same construction by the courts of that state. See Battles v. Conner Co. Treas., 182 Okl. 613, 79 P.2d 232. While it is true Judge Murrah was not called upon to decide, and did not decide, the issue now before this court, his basic approach to the question before him was the one counsel for the plaintiff here espouses and which seems to have been taken by Judge Ridge in the Electric Theater case and by Judge Knous in the Wolf Sales Co. v. Wurlitzer case.[17]

In the Momand case the nature of the cause of action under the Sherman Act was determined according to federal decisions; and it was held categorically, 37 F. Supp. loc. cit. 657: "The right of action created by Section 7 of the Sherman Anti-Trust Act, is not a penalty but remedial, * * *." Once the action was characterized federally, the Oklahoma law was looked to, to see how it applied to that particular class of actions.

The Momand case was decided in 1941. In 1944 the Court of Appeals for this (the Tenth) Circuit, in an opinion by the Honorable Orie L. Phillips, Chief Judge, in State of Oklahoma ex rel. Phillips v. American Book Co.,[18] said:

"The action in behalf of private persons was to recover treble damages under the Federal Anti-Trust Act. It was predicated upon a liability created by statute. The state law of limitations is controlling. The period of limitations for such an action is three years. 12 O.S.1941 § 95."

Perhaps, in the light of the above language, this court should hold, without further discussion, that the three-year Kansas statute is applicable; but such a holding would, of necessity, be bottomed upon an assumption which this court is not free to make: viz., that characterization of the cause of action had been made by the court solely under the federal law. The decision was rendered prior to the Hoskins and Schiffman cases and those which take the "state" approach;[19] so, at the risk of supererrogation and unduly extending this opinion, that approach and the "federal" approach will be examined briefly.

Campbell v. City of Haverhill,[20] holds that state statutes of limitations will be applied to federal causes of action created by Congressional legislation and enforceable only in the Federal courts, 155 U.S. at page 614, 15 S.Ct. 217. "No laws of the several states have been more steadfastly or more often recognized * * * a rules of decision in the courts of the United States, than statutes of limitations of actions, real and personal, as enacted by the legislature of a state, and as construed

17. Note 17 cont'd from 680.
Co. v. Special Site Sign Co., 9 Cir., 85 F. 2d 742; Hicks v. Bekins Moving & Storage Co., 9 Cir., 87 F.2d 583; State of Oklahoma ex rel. Phillips v. American Book Co., 10 Cir., 144 F.2d 585; United States v. Joles, D.C.Mass., 251 F. 417; Shelton Electric Co. v. Victor Talking Mach. Co., D.C.N.J., 277 F. 433; United West Coast Theatres Corp. v. South Side Theatres, D.C.S.D.Cal., 86 F.Supp. 109; Seaboard Terminals Corp. v. Standard Oil of New Jersey, D.C.S.D.N.Y., 24 F.Supp. 1018; Reid v. Doubleday & Co., D.C.N.D.Ohio, 109 F.Supp. 354; Dipson Theatres v. Buffalo Theatres, D.C. W.D.N.Y., 8 F.R.D. 86.

18. 10 Cir., 144 F.2d 585, 587.

19. Florida Wholesale Drug v. Ronson Art Metal Works, D.C.N.J., 1953, 110 F. Supp. 573; cf. Reid v. Doubleday & Co., D.C.N.D.Ohio, 1952, 109 F.Supp. 354.

20. 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280.

by its highest court." [21] The cases taking the "state" approach to actions under the Sherman and Clayton Acts can be, and indeed have been, logically rationalized on the above basis.

But there is also strong reason to apply the "federal" approach although complete rationalization is admittedly difficult. That approach, it seems, starts with the initial premise that the nature of the action, as construed by the United States Supreme Court in the Chattanooga case, is remedial and compensatory and not penal. Clearly that was the holding, at least in so far as the federal statute was concerned, else there would have been no reason ever to have had any concern with the state statute of limitations. Indeed, learned counsel for the defendants inferentially admit as much when they argue that Kansas has adopted a more "restrictive" interpretation of the word "penalty" than the Supreme Court adopted in the Chattanooga case. Whether the Supreme Court also construed the state statute pertaining to "statutory penalties" is not crystal clear. The three court opinions, it will be noted, each referred to three State statutory provisions: one, prescribing a limitation of one year for "statute penalties;" another a limitation of three years for "actions for injuries to personal or real property;" [203 U.S. 390, 27 S.Ct. 66] and a third a ten-year limitation for "all other cases not expressly provided for". The lower courts held the one-year provision not to be applicable; but the discussion of the penalty feature in the opinions was limited to the federal statute. In the Supreme Court the chief argument seems to have been directed to the applicability of the three-year and the ten-year provisions, the District Court having held the three-year, and the Circuit Court of Appeals having held the ten-year provision applicable. The Supreme Court, citing Huntington v. Attrill, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123, and Brady v. Daly, 175 U.S. 148, 155–156,

20 S.Ct. 62, 44 L.Ed. 109, held that the federal statute, limiting the bringing of a "suit * *. * for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws" to five years, was not applicable. As to the State statute providing for "statutory penalties" its discussion was limited to this statement:

"As to the article touching actions for statute penalties, notwithstanding some grounds for distinguishing it from Rev.Stat. § 1047, which were pointed out, so far as this liability under the laws of the United States is concerned we must adhere to the construction of it which we already have adopted." 203 U.S. at page 398, 27 S.Ct. at page 67, 51 L.Ed. 241.

The cases taking the "federal" approach seem to apply the state statute of limitations to the cause of action given under the Sherman Act as if the construction of that Act by the Supreme Court were a part of it. Is not that a reasonable and permissible construction? Whether reasonable is the more readily ascertainable. It is certainly reasonable for a lower federal court, when called upon to determine the nature of the cause of action under the Sherman and Clayton Acts, to apply the rationale of the Huntington v. Attrill and the Brady v. Daly cases and to hold that it is remedial and compensatory. Nor is the reasonableness of that approach affected because a state court might hold such an action to be a penalty if, e. g., it were called upon to enforce a statute of a sister state. Whether permissible to take the view suggested is a more difficult question.

The criticism, which some of the cases taking the "federal" approach direct against the Hoskins and Schiffman decisions, is that the learned court in those cases did not mention, or seem to give any effect to, the distinction which, at least since Erie R. Co. v. Tompkins,[22] should be kept in mind between diversity cases and those involving exclusively federal rights.

21. The quotation is from Bauserman v. Blunt, 147 U.S. 647, 652, 13 S.Ct. 466, 468, 37 L.Ed. 316. See also Dibble v. Bellingham Bay Land Co., 163 U.S. 63, 16 S.Ct. 939, 41 L.Ed. 72 and Pufahl v.

Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133.

22. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

(Some of the cases indicating a disinclination to extend the doctrine into the field of exclusively federal jurisdiction are set out in the footnote.)[23] Such criticism may not be too sound, in view of the sweep of the Campbell v. City of Haverhill case. Nor has this court been able to find much substantial support in the Holmberg v. Armbrecht[24] and Cope v. Anderson[25] cases for the approach suggested. They involved the question whether state statutes of limitation have any application to equity actions in federal courts. The problems there dealt with have become largely academic by the 1948 amendment to the Rules of Decision Act.

But this court is, nevertheless, constrained to take the "federal" approach and believes it to be permissible. Federal law is dispositive of the time of accrual of a federal cause of action for the purpose of applying a state statute of limitations. Rawlings v. Ray.[26] It governs the question who is the real party in interest;[27] whether an amendment to a complaint relates back to the filing of the complaint so as to come within the limitations period;[28] and the time of commencement of an exclusively federal action.[29] The doctrine of Erie R. Co. is inapplicable to the "areas of judicial decision within which the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than by local law." Sola Electric Co. v. Jefferson Electric Co.,[30] It would unduly extend this opinion to quote from the cases cited in footnote 17. Collectively they represent much study by a group of learned courts in a sincere effort to solve the very problem which is now plaguing this court. The solution which they found, including the summation of it in Judge Ridge's opinion, will be followed here. "When the decrees in the action brought by the United States became final as to the various defendants and their impingement upon the limitation issue, is not presently decided. In the event counsel cannot agree, those questions will be determined at the trial."

23. See, e.g., Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 350, 60 S.Ct. 285, 84 L.Ed. 313; concurring opinion of Mr. Justice Jackson in D'Oench, Duhme & Co. v. F. D. I. C., 315 U.S. 447, 471–472, 62 S.Ct. 676, 86 L.Ed. 956; Royal Indemnity Co. v. United States, 313 U.S. 289, 296, 61 S.Ct. 995, 85 L.Ed. 1361; Deitrick v. Greaney, 309 U.S. 190, 200–201, 60 S.Ct. 480, 84 L.Ed. 694.

24. 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743.

25. 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602.

26. 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605.

27. United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417.

28. Culver v. Bell & Loffland, 9 Cir., 46 F.2d 29; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7.

29. Bomar v. Keyes, 2 Cir., 162 F.2d 136. Cf. Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

30. 317 U.S. 173, 176, 63 S.Ct. 172, 174, 87 L.Ed. 165.