John M. ROTHWELL, Plaintiff,

v.

WERNER ENTERPRISES, INC., a Nebraska Corporation, Drivers Management, Inc., a Nebraska Corporation, Ronald P. Cavender and Progressive Casualty Insurance Company, an Ohio Corporation, Defendants.

No. 93–2272–JWL.

United States District Court, D. Kansas.

July 8, 1994.

Robert G. Herndon, Overland Park, KS, Gerald E. Durbin, Oklahoma City, OK, for plaintiff.

Thomas E. Ruzicka, Douglas C. McKenna, Watson, Ess, Marshall & Enggas, Olathe, KS, Jason R. Brown, Couch, Strausbaugh, Pierce & King, Chtd., Overland Park, KS, Edward M. Boyle, Payne & Jones, Chtd., Overland Park, KS, Rex W. Henoch, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. INTRODUCTION

On July 17, 1991, plaintiff, John M. Rothwell, was working on a construction site when he was hit by a semi-tractor and trailer driven by defendant Ronald P. Cavender, an employee of defendant Werner Enterprises, Inc. ("Werner Enterprises") at the time. Plaintiff was rendered a paraplegic as a result of the tragic incident. He brings this action against Mr. Cavender, Werner Enterprises, Drivers Management, Inc. ("Drivers Management"), and Progressive Casualty Insurance Co., in an attempt to recover for his injuries.

Defendants have moved for partial *summary* judgment (Docs. # 53 & 62) on various claims asserted by plaintiff. Defendants seek summary judgment on plaintiff's claim for compensatory damages for negligent hiring, training, retaining and/or supervising and on plaintiff's claim for punitive damages (Doc. # 62). Defendants further seek summary judgment on plaintiff's claim under K.S.A. 66–176 on the theory that it is barred by the applicable statute of limitations (Doc. # 53). Plaintiff seeks to amend, by supplement, his response to defendants' second motion for partial summary judgment (Doc. # 103). For the reasons set forth below, the court grants in part and denies in part defendants' motion for partial summary judgment regarding plaintiff's claims for compensatory and punitive relief (Doc. # 62) and grants defendants' motion for summary judgment regarding plaintiff's claim under K.S.A. 66–176 (Doc. # 53). Plaintiff's motion to amend his response is denied as moot (Doc. # 103).

### II. FACTS

The following facts are either uncontroverted, or are facts considered by the court in the light most favorable to plaintiff, for purposes of this motion. At the time of the events which are the subject of this action, plaintiff, John M. Rothwell, was a journeyman lineman for Delta–Tec Construction Co., and had held the position for about four months. On July 17, 1991, he was working on a construction project known as the 119th Street and Pflumm Project, which included construction improvements on 119th Street both east and west of the intersection of 119th and Pflumm.

Mr. Rothwell was assigned to mount a left hand turn traffic signal on a pole on the west median of the intersection and was then to check the signal head bulbs to ensure that the proper bulbs had previously been installed. He parked his company pickup truck in the eastbound left turn lane on 119th Street (facing west), and backed the "bucket truck" into the eastbound left turn lane to the east of the pickup. The left rear tire of the bucket truck rested against the west median curb line of the intersection.

After installing the left turn signal onto the pole, Mr. Rothwell swung the articulating boom of the bucket truck out over the westbound inside lane of 119th Street so that he could check the wattage of the bulbs in the previously installed traffic signal head. Mr.

Rothwell was in the elevated bucket approximately five minutes when the boom bucket was hit by a semi-tractor and trailer driven by defendant Ronald P. Cavender. Mr. Rothwell was flipped out of the bucket and was tossed onto the moving trailer beneath him before hitting the ground. This incident occurred around 8:40 a.m.

At the time of the incident, Mr. Cavender was an employee of Werner Enterprises, Inc., whose services as a driver had been leased to Drivers Management, Inc. Drivers Management is a subsidiary corporation of Werner Enterprises and hires all of the drivers used by that corporation. Mr. Cavender had been granted authority by Werner Enterprises as of January 9, 1991, to operate its tractors and trailers as a solo driver.

Mr. Rothwell was rendered a paraplegic as a result of the impact with the tractor and trailer.

### III. SUMMARY JUDGMENT STANDARD

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Langley v. Adams County, Colorado*, 987 F.2d 1473, 1476 (10th Cir. 1993). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be re-solved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.*, 740 F.Supp. 1519, 1522–23 (D.Kan. 1990). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

### IV. DISCUSSION

#### A. Claims Based On a Theory of Negligent Hiring, Training, Retention or Supervision

Defendants Werner Enterprises and Drivers Management have admitted that Mr. Cavender was either an employee or was their agent and was acting within the scope of his employment at the time of the incident which is the subject of this action. Defendants candidly concede that if Mr. Cavender was negligent, they are liable on a theory of respondeat superior. They, of course, deny that Mr. Cavender was negligent.

■ Defendants argue that under these circumstances, where a defendant employer has admitted responsibility for the employee's actions, the majority of courts across the country have held that it is improper to also allow a plaintiff to proceed against the employer on a separate theory of negligent hiring, training, retention or supervision. Defendants urge the court to find that Kansas courts, if faced with the issue, would agree with the clear majority rule and would bar plaintiff in this case from proceeding on a theory of negligent hiring or retention.

Plaintiff argues that an independent claim of negligence against an employer based on a theory of negligent hiring or retention is a valid and proper claim for relief under Kansas law. He contends that the negligent and wanton conduct of Werner Enterprises and Drivers Management in hiring or retaining Mr. Cavender was a proximate cause of plaintiff's injuries separate and apart from the negligent and wanton conduct of Mr. Cavender on July 17, 1991. Plaintiff contends he should be permitted to pursue his theory of negligent hiring or retention as a

concurrent cause of the injuries sustained. Kansas law, he opines, demands such a result.

■ A clear majority of courts have held, when faced with factual circumstances analogous to this case, that if a defendant admits liability on a theory of respondeat superior, it is improper to permit plaintiff to also proceed on a theory of liability of the employer under the doctrine of negligent hiring, training, retention or supervision. *See McHaffie v. Bunch,* 1994 WL 72430, at *7–12, (Mo.App. S.D. March 11, 1994); *Wise v. Fiberglass Systems, Inc.,* 110 Idaho 740, 743, 718 P.2d 1178, 1181 (1986) (citing *Elrod v. G & R Constr. Co.,* 275 Ark. 151, 628 S.W.2d 17 (1982); *Clooney v. Geeting,* 352 So.2d 1216, 1220 (Fla.App.1977); *Willis v. Hill,* 116 Ga. App. 848, 159 S.E.2d 145 (1967), *rev'd on other grounds,* 224 Ga. 263, 161 S.E.2d 281 (1968); *Houlihan v. McCall,* 197 Md. 130, 78 A.2d 661 (1951)); *see also* 30 A.L.R.4th 838 (1984); 7A Am.Jur.2d *Automobiles and Highway Traffic* § 643 (1980). *Contra Perin v. Peuler,* 373 Mich. 531, 130 N.W.2d 4 (1964).[1] The court finds, based on its analysis of recent Kansas case law,[2] that Kansas courts would fall in line with the majority of jurisdictions and would find it improper to allow plaintiff in this case to proceed under a theory of negligent hiring or retention where defendants, Werner Enterprises and Drivers Management, have admitted liability on a theory of respondeat superior.

Courts which have prohibited plaintiffs from asserting negligent hiring, training, retention or supervision where the employer has admitted vicarious liability have done so based on the following reasoning:

In cases where A is sought to be held for an injury caused by B, the employer-en-trustor in this case, the "breach of duty" by A is nothing more than a theory under which responsibility for B's conduct is tacked on to A. The result is the same whether A's "duty" is to be called primary or vicarious. If, then, the only purpose and relevance of evidence showing the employee's incompetence and the employer's knowledge thereof is to show a liability link from the employee to the employer, and this link is admitted to exist, the evidence should be excluded under the general rule regarding undisputed matters, leaving as the only question the one contested issue—whether the employee's negligence caused the injury.

*See Wise,* 110 Idaho at 743–44, 718 P.2d at 1181–82 (citing *Willis,* 116 Ga.App. 848, 159 S.E.2d at 150.).

The court is not aware of any Kansas case which has specifically addressed this issue. However, the Kansas Supreme Court has recently analyzed the theory of negligent hiring, training, retention or supervision in the context of a claim for punitive damages. In *Smith v. Printup,* 254 Kan. 315, 866 P.2d 985 (1993), the supreme court rejected the theory as a basis for an award of punitive damages, but acknowledged that "an argument might be made that the trial court should have allowed plaintiffs to proceed on their theory of negligent hiring, training, retention and/or supervision with respect to compensatory damages." The issue, however, was not before the court on appeal. While the argument may be made, and has been by plaintiff in this case, the court finds it would ultimately be rejected by Kansas courts. The *Smith* court's reasoning in explaining its rationale for precluding punitive damages on a theory of negligent hiring or retention, applied to the circumstances present in this case, compels the conclusion that Kansas courts would

---

**1.** Cases which have dealt with this question have examined the viability of bringing an independent claim based on negligent hiring or retention where no punitive damages are sought. *See, e.g., Wise,* 110 Idaho at 742, 718 P.2d at 1180. As the court explains more fully in the body of this opinion, Kansas law does not recognize negligent hiring or retention as an independent basis for awarding punitive damages. *Smith v. Printup,* 254 Kan. 315, 336, 866 P.2d 985, 1001 (1993). Thus, the court treats the issue of whether plaintiff should be permitted to proceed on its theory of negligent hiring or retention as if plaintiff were not seeking punitive damages on such a theory.

**2.** Jurisdiction in this action is based on diversity of citizenship. Accordingly, the court must apply Kansas law in an effort to reach the same result a Kansas court would reach. *See Adams–Arapahoe Sch. Dist. No. 28–J v. GAF Corp.,* 959 F.2d 868, 870 (10th Cir.1992).

not permit Mr. Rothwell to proceed on a theory of negligent hiring, training, retention or supervision.

In *Smith,* the court found that regardless of whether an employer's liability is premised on the principle of negligent hiring or retention or on the principle of respondeat superior, the employer's liability is based on the acts of an agent or employee. 254 Kan. at 336, 866 P.2d at 1000. The court categorically stated, "[a]n employer is not liable for damages for negligently hiring an employee unless and until the employee's conduct causes damage to another." *Id.* Thus, rather than having seen the employer's alleged negligent hiring or retention as a potential concurrent cause of the damages, the court seems to have recognized a merger of that conduct in the actual act or omission of the employee which provided the basis to attribute causation, in our case the failures to keep a proper lookout and proper control of the vehicle such that the collision would have been avoided. The court, then, seems to have implicitly found that the doctrine of respondeat superior and the doctrine of negligent hiring or retention are simply alternative theories by which to impute the negligence of the employee to the employer.[3] It would seem logical, then, that if presented with the precise issue here, the court would take the next step and find that where there is no question that liability for the employee's actions is to be imputed to the employer, there is no need, nor is it proper, to present evidence at trial to prove it.

It is important to point out that this court does not now find that a claim for negligent

hiring, training, retention or supervision can *never* be an independent basis for compensatory relief. *See McHaffie,* 1194 WL at *8 (under the appropriate evidentiary setting it is possible to prove liability under both scope of employment and negligent hiring, prove one but not the other, or prove neither)[4]; *Wise,* 110 Idaho at 744, 718 P.2d at 1182 (citing *Clooney v. Geeting,* 352 So.2d 1216, 1220 (1977) (factual situation could arise where an independent negligence theory would impose additional liability)). Rather the court finds that there are no facts present in this case to support a claim that independent acts of Werner Enterprises or Drivers Management impose additional liability separate from or in addition to any vicarious liability to which they are already subjected.

Plaintiff's claim for relief turns on the appropriateness of the acts of Mr. Cavender as the driver of the vehicle which hit Mr. Rothwell and cannot be disconnected from them. If, in fact, Mr. Cavender did not act in a negligent or wanton manner when he drove through the intersection at 119th Street and Pflumm, or if his conduct was not the proximate cause of Mr. Rothwell's injury, it is irrelevant whether or not he was negligently hired or retained, for then there is no basis to conclude that defendants' negligent hiring or retention proximately caused plaintiff's injuries. Under the facts as presented, plaintiff's negligent hiring or retention theory is simply an alternative basis for linking the liability of Mr. Cavender to defendants Werner Enterprises and Drivers Management. *See Foster v. Bd. of Trustees of Butler County Community College,* 771 F.Supp. 1122,

**3.** The court stated that there are "several theories under which an employer may be liable for its employee's misconduct." *Smith,* 254 Kan. at 336, 866 P.2d at 1000. They are: "when an employee is on the employer's premises, performing work for the employer, or using the employer's chattel; when the employer voluntarily assumes a duty to control the employee; or when the employer negligently retains a known incompetent or unfit employee." *Id.*

**4.** The Missouri court provided the following hypothetical:

If there were in this record evidence ... that Farmer was unable to control his truck immediately before the accident because he was

suddenly stricken by a fainting spell or loss of consciousness from a cause unforeseen by him, Farmer would not be found negligent. Under respondeat superior principles, Rumble and Bruce then would be exonerated as a matter of law although they admitted Farmer was their employee acting within the course and scope of his employment. Rumble could nevertheless be liable under a negligent hiring theory if there was also evidence ... that Rumble hired and retained Farmer knowing through the ... medical examination that Farmer suffered from an illness that Rumble should have foreseen might cause Farmer to unexpectedly faint or black out. Under the example Rumble's independent act could impose liability on Rumble separate and apart from Farmer's act.

1128 (D.Kan.1991) (concluding in passing that negligent selection or appointment claim was redundant once court directed a verdict on issue of agency). Because Werner Enterprises and Drivers Management admit that they are liable under a theory of respondeat superior, it is not necessary to tack the responsibility for Mr. Cavender's conduct to them by some other means. Plaintiff is not permitted to proceed on a theory of negligent hiring, training, retention or supervision and, thus, defendants' motion as to this claim is granted.

### B. Claim for Punitive Damages

Plaintiff asserts he is entitled to punitive damages because defendants Werner Enterprises and Drivers Management acted in a wanton manner in hiring, training, retaining and supervising Mr. Cavender, and because defendants ratified or authorized the wanton conduct of their employee. Defendants argue first that punitive damages may not be claimed on a theory of negligent hiring or retention as a matter of law. Second, defendants argue that there exists no genuine issue of material fact as to whether Werner Enterprises and Drivers Management authorized or ratified the conduct of Mr. Cavender, and, thus, that plaintiff's claim for punitive damages be dismissed altogether. The court finds that plaintiff may not claim punitive damages on a theory of negligent hiring or retention; however, genuine issues of material fact exist regarding plaintiff's claim that Mr. Cavender's allegedly wanton conduct was ratified or authorized, precluding summary judgment on this claim.

Once again the court turns to *Smith v. Printup* for an answer to the questions presented. In *Smith,* the court reasoned that the enactment of K.S.A. 60–3701(d)(1)[5] changed the previously valid grounds upon which a plaintiff could sustain a claim for punitive damages against an employer for the acts of its employee. The court held that the statute specifically limited the circumstances in which a corporation could be liable for punitive damages to those in which an employer either authorized or ratified the tortious acts of its employee and, therefore, closed the door to seeking punitive damages on a theory of negligent hiring training, retention or supervision. *Smith,* 254 Kan. at 336, 866 P.2d at 1000–01. In light of this clear pronouncement by the Kansas Supreme Court, this court can only conclude that plaintiff may not recover punitive damages on a theory of negligent hiring or retention as a matter of law.[6]

Plaintiff is not prohibited, however from pursuing his claim that defendants Werner Enterprises and Drivers Management ratified or authorized the allegedly wanton conduct of Mr. Cavender. Plaintiff has produced sufficient evidence to raise an issue of fact that Mr. Cavender's conduct was ratified or authorized by his employers or principals.[7]

Authorization under K.S.A. 60–3701(d)(1) may be either express or implied. *Smith,* 254 Kan. at 341, 866 P.2d at 1003. It may be based on an express grant of authority or on a course of conduct indicating that the employee has been given the right to

**5.** K.S.A. 60–3701 (Supp.1993) states in pertinent part:

> (d) in no case shall exemplary or punitive damages be assessed pursuant to this Section against: (1) a principal or employer for the acts of an agent or employee unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the principal or employer.

**6.** In their motion, defendants move that the court specifically find that plaintiff is precluded from offering evidence as to certain facts alleged in his amended complaint in paragraphs 27 A, B, and C. The court declines to make such a specific ruling. As the court explains further below,

plaintiff may, at trial, be entitled to present evidence of its claims under these paragraphs in support of its theory that defendants Werner Enterprises and Drivers Management ratified or authorized Mr. Cavender's conduct.

**7.** The court finds that plaintiff has met its burden of proof on his punitive damages claim for purposes of this motion. The court deems it premature, however, to address each and every theory plaintiff could be interpreted to be pursuing in an attempt to prove ratification or authorization or to limit further plaintiff's right to offer evidence on these theories at trial. Motions now pending before the court could conceivably alter the scope of evidence to be admitted at trial on the issue of ratification or authorization.

engage in the conduct at issue. *Id.* Ratification, too, may be either express or implied, and may be accomplished before, during or after the employee's questioned conduct. *Id.* Ratification may be proved by evidence of a course of conduct indicating the sanctioning or confirmation of the conduct at issue. *Id.* Plaintiff is entitled to offer proof at trial that the alleged wrongful conduct of Mr. Cavender was expressly or impliedly authorized or ratified by certain acts (or the failure to act) on the part of defendants Werner Enterprises and Drivers Management. A broad range of employer conduct may be considered in determining whether there has been authorization or ratification.

■ For instance, plaintiff has proffered that Mr. Cavender's supervisor believed a driver in Mr. Cavender's position had the right to assume that the boom bucket occupied by Mr. Rothwell was positioned above the height of the tractor and trailer. Such evidence would be admissible to show that Mr. Cavender's actions were "authorized." It might also be proper to offer evidence that Mr. Cavender violated certain safety regulations and that Werner Enterprises or Drivers Management knew or should have known that the regulations were violated. *See Smith,* 254 Kan. at 344–45, 866 P.2d at 1005. However, such evidence is only admissible if the conduct allegedly ratified or authorized caused or contributed to the incident giving rise to liability. *Id.* at 342, 866 P.2d at 1004. Thus, evidence that Werner Enterprises or Drivers Management impliedly authorized or ratified Mr. Cavender's failure to inspect the breaks on his vehicle is not admissible absent a showing that the impact was causally connected to a break failure of the tractor and trailer. *Id.*[8]

Thus, the court finds that plaintiff is entitled, at this juncture,[9] to proceed on his claim for punitive damages. Defendants' motion for summary judgment is denied to the extent that it sought to preclude plaintiff from offering evidence at trial that defendants Werner Enterprises and Drivers Management authorized or ratified Mr. Cavender's conduct.[10] Defendants' motion is granted to the extent that plaintiff is prohibited from pursuing a punitive damage claim on a theory of negligent hiring or retention.

### C. Claims Under K.S.A. 66–176

Plaintiff pursues relief under K.S.A. 66–176, alleging that, as a result of the conduct of defendants, he is entitled to recover three times the actual damages he has suffered, the costs of suit and reasonable attorney fees. Defendants argue that plaintiff's claim is one upon penalty or forfeiture and that plaintiff failed to bring this action within the one-year statute of limitations attributable to such claims. The court agrees with defendants that K.S.A. 66–176 provides a remedy in the nature of a penalty, that a one-year statute of limitations is applicable, and that plaintiff's claim under the provision is time barred.

■ Defendants contend that the one-year statute of limitations of K.S.A. 60–514(3) which applies to "an action upon statutory penalty or forfeiture" is the appropriate period. Plaintiff contends, however, that 66–176 is compensatory in nature and does not constitute an action upon a penalty. It is plaintiff's assertion that the appropriate statute of

8. The requisite causal connection between certain evidence of ratification or authorization and plaintiff's injuries will necessarily be established by particular expert testimony, some of which has already been proffered by plaintiff. The court notes that the admissibility of portions of this expert testimony remains subject to motions in limine or objection by the defendants.

9. This issue may be revisited at trial on a motion under Fed.R.Civ.P. 50 if the circumstances so warrant.

10. Plaintiff moved for leave to supplement his response to defendants' motion seeking partial summary judgment on his punitive damage claim. The amendment sought to provide the court with additional evidence of defendants' alleged wanton conduct in hiring or retaining Mr. Cavender or their alleged ratification or authorization of Mr. Cavender's conduct. Because the court finds that plaintiff produced sufficient evidence to support its punitive damage claim in its original response, the court deems the filing of the supplement unnecessary. Thus, the court denies plaintiff's motion as moot. The court does not pass on the ultimate admissibility of this evidence at trial.

limitations is the three-year statute of limitations under K.S.A. 60–512(2) for "[a]n action upon a liability created by statute other than a penalty or forfeiture" or, in the alternative, that K.S.A. 60–513(a)(4) applies for "[a]n action for injury to the rights of another, not arising on contract and not herein enumerated."

■ K.S.A. 66–176 provides in pertinent part:

**Forfeiture for violations; attorney's fee.** Any public utility or common carrier which shall violate any of the provisions of law for the regulation of such public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, three times the actual damages sustained by the party aggrieved, together with the costs of suit, and reasonable attorney fee, to be fixed by the court. . . .

The statute does not specifically provide for a limitations period, so the court must look to the nature of the cause of action in order to select the appropriate one. *Chilson v. Capital Bank of Miami, Florida,* 10 Kan.App.2d 111, 114, 692 P.2d 406, 409 (1984), *aff'd,* 237 Kan. 442, 701 P.2d 903 (1985); *Clark Jewelers v. Satterthwaite,* 8 Kan.App.2d 569, 571, 662 P.2d 1301, 1303 (1983). The court finds that the nature of plaintiff's claim under K.S.A. 66–176 is to recover upon a statutory penalty.

On its face, K.S.A. 66–176 appears to be a penalty provision. The use of the words "forfeiture" and "forfeit" in the statute would seemingly place this provision in the "statutory forfeiture" category. *See Phillips v. Vieux,* 210 Kan. 612, 617, 504 P.2d 196 (1972) (statutes should be interpreted so as to give them their ordinary meaning) (cited in *Haag v. Dry Basement, Inc.,* 11 Kan.App.2d 649, 652, 732 P.2d 392, 395 (1987)). But more importantly, the redress provided, three times the actual damages suffered, indicates that the statutory provision is punitive in nature. *See Missouri–Kansas–Texas R.R. Co. v. Standard Industries, Inc.,* 192 Kan.

381, 383, 388 P.2d 632, 684 (1964) (penalty is a statutory liability imposed on a wrongdoer in an amount which is not limited to the damages suffered by the party wronged); *Fulton v. Loew's, Inc.,* 114 F.Supp. 676, 679 (D.Kan.1953) ("Kansas decisions, it is believed, hold generally that an action wherein a defendant's liability is greater than the damages actually sustained, is classed as being 'upon a statute for penalty or forfeiture' and hence governed by the one year provision.").

The Kansas Supreme Court has, in fact, found 66–176 "penal" in nature. *Kearney v. Kansas Public Service Co.,* 233 Kan. 492, 506, 665 P.2d 757, 770 (1983) (K.S.A. 66–176 is penal in nature, is to be strictly construed and should not be expanded by implication). Recently, in *Dietz v. Atchison, Topeka and Santa Fe Railway Co.,* the Kansas Court of Appeals held that K.S.A. 66–176 provides an individual right of action against a common carrier "in addition to the potential imposition of other penalties." 16 Kan.App.2d 342, 347, 823 P.2d 810, 815 (1991). In *Western Kansas Express, Inc. v. Dugan Truck Line, Inc.,* the Kansas Court of Appeals concluded that K.S.A. 66–176 grants courts the power to "award treble damages, costs, and attorney fees *as a penalty* when it finds the defendant violated the provisions of the law" regulating the common carrier. 11 Kan. App.2d 336, 340, 720 P.2d 1132, 1136 (1986) (emphasis added).

Both *Dietz* and *Western Kansas Express* cite with approval *Beadle v. Kansas City, Fort Scott & Memphis R.R. Co.,* 51 Kan. 248, 32 P. 910 (1893). *Dietz,* 16 Kan.App.2d at 347, 823 P.2d at 814; *Western Kansas Express,* 11 Kan.App.2d at 347, 720 P.2d at 1135. In *Beadle,* the Kansas Supreme Court discussed the 1883 version of K.S.A. 66–176, which contained essentially the same language as the present version, but applied only to railroads. The court indicated that the applicable statute of limitations was one year, the limitation period applicable to "an action upon a statute for penalty or forfeiture." *Beadle,* 51 Kan. at 253, 32 P. 910.[11]

---

**11.** The *Beadle* court found that the action should be brought under "subdivision 4 of section 18 of the code within one year," not three years. Sec-

tion 18, subdivision four of the General Statutes in effect at the time, provided as follows:

In addition, the court is persuaded that K.S.A. 66–176 does not provide an action upon a liability created by a statute "other than a penalty or forfeiture" because it does not attempt to create new causes of action, but rather provides for cumulative relief. *See* K.S.A. 66–179 (1992); *see also Kirtland v. Tri–State Ins. Co.*, 220 Kan. 631, 633, 556 P.2d 199, 202 (1976). The purpose of the provision is to grant courts the power, when a plaintiff is otherwise entitled to relief, to tack on additional liability, namely treble damages and liability for costs and attorney fees. *See Western Kansas Express*, 11 Kan. App.2d at 341, 720 P.2d at 1136.

Plaintiff argues that since *Beadle*, the scope of the liability imposed by 66–176 has been expanded greatly. This expansion, he contends, coupled with the recent recognition by Kansas Courts of an individual right of action in 66–176, is evidence that 66–176 is no longer purely a penalty or forfeiture statute. The fact that the statute provides an individual right of action, however, does nothing to show that K.S.A. 66–176 is other than in the nature of a penalty or forfeiture. An individual right of action under 66–176 was contemplated and recognized in 1883, by the *Beadle* court, which in any event held the one-year limitation period applicable. *See Beadle*, 51 Kan. at 252, 32 P. 910 (purpose of 66–176 is not merely to punish, but also to afford a private remedy to the person injured by the wrongful act); *Dietz*, 16 Kan.App.2d at 347, 823 P.2d at 815 (finding individual right of action implicit in *Beadle* decision and language of statute). Thus, the court finds that an action pursuant to 66–176 is an action upon a statutory penalty or forfeiture such that it is subject to a one-year statute of limitations.

The only remaining issue is whether plaintiff filed his action in time. The court finds that plaintiff did not file his action pursuant to K.S.A. 66–176 in a timely man-ner. Plaintiff's cause of action began to accrue no later than July 17, 1991, the date of plaintiff's injury. Plaintiff did not file his claim until June of 1993. Plaintiff argues he was unaware of any violations which would form the basis of this cause of action until discovery in this case was in progress. This alone does not "toll" the running of the statute of the limitations. It was plaintiff's responsibility to be aware of his right to bring an action under 66–176 or to conduct an investigation into the cause of his injuries in such a manner as to enable himself to take advantage of the provision. *See Smith*, 254 Kan. at 342, 866 P.2d at 1012 (66–176 was "on the books" long before the events which occurred here). It was plaintiff's duty to be vigilant in discovering facts which would have supported a recovery. Plaintiff's claim is time barred.[12]

## V. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion for partial summary judgment (Doc. # 62) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendants' motion for partial summary judgment on plaintiff's claim under K.S.A. 66–176 (Doc. # 53) is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend, by supplementation (Doc. # 103) is denied as moot.

**IT IS SO ORDERED.**

Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: ... *Fourth*, within one year: An action for libel slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

12. Because the court finds that plaintiff's claim under K.S.A. 66–176 is barred, defendants' other motions pertaining to this claim are considered moot.